BENJAMIN HARRIS, INDIVIDUALLY AND AS ADMINIS-
TRATOR AD PROSEQUENDUM OF THE ESTATE OF
LENA M. HARRIS, DECEASED, PLAINTIFF, v. JOHN A.
JOHNSON, DEFENDANT.

Submitted May term, 1930—Decided November 17, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *William Hartshorne.*

Contra, *Fred M. Burlew.*

PER CURIAM.

The wife of the plaintiff was killed on February 13th, 1927, while riding in the automobile of the defendant. Plaintiff instituted suit against the defendant and such action was tried November 29th, 1927, resulting in a verdict against the defendant for six cents. Under a rule to show cause obtained by the plaintiff this court set the verdict aside and directed a new trial as to damages only. *Harris* v. *Johnson,* 6 *N. J. Mis. R.* 700.

On February 11th, 1930, the cause was retried, resulting in a verdict of $500 against the defendant.

The present rule is held by the defendant who seeks to set aside the verdict assigning and arguing three reasons, viz.:

1. Error in the charge of the court in withdrawing from the jury consideration of nominal damages.

Under the facts and circumstances established we are unable to find prejudicial error in the instruction complained of.

2. The verdict is against the weight of the evidence.

This we find not to be so.

3. Error in permitting an actuary to testify as to capital

sums necessary to produce $200 and $100 per year during the life expectancy of a woman thirty-one years of age.

We find no substance in this ground.

The rule will be discharged, with costs.